# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**BRANDYE JACKSON,**

        **Plaintiff,**

vs.                                                    Case No. 8:10-CV-766-T-27EAJ

**ROBERT C. BURKE JR., P.A.,**
A Florida Corporation, and
**ROBERT C. BURKE, JR., an individual,**

        **Defendants.**
_____/

## ORDER

**BEFORE THE COURT** is Plaintiff's Motion to Remand (Dkt. 4) and Defendants' Opposition (Dkt. 5). Upon consideration, Plaintiff's motion (Dkt. 4) is GRANTED *in part*.

Plaintiff originally filed this action in state court, asserting in a three count complaint, claims for unpaid overtime under the Fair Labor Standards Act ("FLSA")(Count I), retaliatory discharge under FLSA's anti-retaliation provisions (Count II), and retaliatory discharge in violation of Florida's Worker's Compensation Law, Fla. Stat. § 440.205 (Count III) (Dkt. 2). Defendant removed the case to federal court based on federal question jurisdiction (Dkt. 1).

Plaintiff contends that remand is appropriate because Plaintiff's retaliatory discharge claim under Fla. Stat. § 440.205 "arises under" Florida's worker's compensation laws and removal of that claim was prohibited by 28 U.S.C. § 1445(c) (Dkt. 4, p. 3).

In the complaint, Plaintiff alleges that Defendants terminated her in retaliation for her complaints about not being paid overtime and her worker's compensation claim (Dkt. 2, ¶ 21).

1

Defendants argue that remand is inappropriate where, as here, "a Plaintiff has a claim for both FSLA and worker's compensation retaliation arising out of the same facts involving a termination of employment," or, as Defendants contend, claims which "derive from a common nucleus of operative facts." (Dkt. 5, pp. 2; 4).

Section 1445(c) expressly prohibits the removal of "a civil action in any State Court arising under the worker's compensation laws of such state . . . ." Defendants acknowledge that 28 U.S.C. § 1445(c) establishes "some limits on a defendant's right to remove a claim for worker's compensation," but argue that Plaintiff's worker's compensation retaliation claim is not one which "arises under" Florida's worker's compensation statute (Dkt. 5, p. 5). The Court disagrees.

Florida does not recognize a common law cause of action for retaliatory discharge. *Scott v. Otis Elevator Co.*, 524 So. 2d 642 (Fla. 1988). Florida law does, however, create a statutory cause of action for retaliatory discharge, specifically Fla. Stat. § 440.205. *Id; Smith v. Piezo Tech. and Prof'l Admin.,* 427 So. 2d 182, 184 (Fla. 1983). Section 440.205 provides:

> No employer shall discharge, threaten to discharge, intimidate, or coerce any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law.

Section 440.205 reflects the public policy of Florida to protect employees from an employer's intimidation and coercion and afford access to remedies under Florida's worker's compensation statutes. *Scott v. Otis Elevator Co.*, 572 So. 2d 902 (Fla. 1990); *Chase v. Walgreen Co.*, 750 So.2d 93, 97-98 (Fla. 5th DCA 1999). Florida's worker's compensation statutory scheme therefore "enables injured workers to exercise their rights" under Florida's worker's compensation laws, and therefore acts as a safeguard to that statutory scheme. *See Jones v. Roadway Express, Inc.*, 931 F.2d 1086, 1092 (5th Cir. 1991).

2

Whether a retaliatory discharge claim "arises under" state workers' compensation laws is a question of federal law. *Suder v. Blue Circle, Inc.*, 116 F.3d 1351, 1352 (10th Cir. 1997). A case "arises under" federal law within the meaning of § 1331 if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 689-90 (2006). Applying this principle in determining whether Plaintiff's cause of action for retaliatory discharge "arises under" § 440.205, it is apparent that it does.

First, as noted, Florida's worker's compensation laws created Plaintiff's cause of action for retaliatory discharge. *Scott v. Otis Elevator Co.*, 524 So. 2d 642. In the context of 28 U.S.C. § 1331, a cause of action "arises under the law that creates the cause of action." *Jones v. Roadway Express, Inc.*, 931 F.2d at 1092; *Reed v. Heil Co.*, 206 F.3d 1055, 1060 (11th Cir. 2000) (approving the reasoning of *Jones v. Roadway*). Further, Plaintiff's right to relief necessarily depends on Plaintiff being able to prove, as an essential element of her claim, that Defendants violated § 440.205.

In federal parlance, Plaintiff's "right to relief necessarily depends on resolution of a substantial question of [Florida] law." *Empire*, 547 U.S. at 689-90. The face of Plaintiff's complaint discloses a "genuine and present controversy" as to whether § 440.205 was violated, thereby establishing that Plaintiff's retaliatory discharge claim "arises under" § 440.205. *See Humphrey v. Sequentia, Inc.*, 58 F.3d 1238, 1246 (8th Cir. 1995); *Gully v. First Nat'l Bank*, 299 U.S. 109, 112-13 (1972)(action "arose under" state law because right established by state statute is essential element of claim, success of the claim depends on how state statute is construed, and a "genuine and present controversy exists with reference to state statute).

Accordingly, removal of Plaintiff's retaliatory discharge claim under § 440.205 was improper

3

under § 1445(c). It follows that this Court lacks subject matter jurisdiction over that claim and it must be remanded to state court. *Reed v. Heil Co.,* 206 F.3d at 1061. ("[W]e conclude that the federal court lacks subject matter jurisdiction to entertain Reed's retaliatory discharge claim; it must be remanded to state court."); *New v. Sports & Recreation, Inc.,* 114 F.3d 1092, 1097 (11th Cir. 1997) ("Section 1445(c) is a jurisdictional-based limitation on the district court's removal power and, thus, constitutes a ground for removal enumerated in section 1447(c).").[1]

Since Plaintiff's complaint includes both removable claims and a non-removable claim, the issue is whether Count III should be severed and remanded or the entire case remanded.[2] That issue is controlled by whether Plaintiff's claims are "separate and independent" and if so, whether state law predominates. Section 1441(c) of Title 28 authorizes removal to federal court of cases in which a "separate and independent" federal claim or cause of action is joined with a nonremovable claim or cause of action. Section 1441 (c) provides:

---

[1] Considering the holding in *Reed v. Heil Co.* that a district court lacks jurisdiction over Plaintiff's claim arising under a state's worker's compensation laws, Defendants' contention that § 1445(c) "does not affect the Court's ability to exercise supplemental jurisdiction over [Plaintiff's] worker's compensation retaliation claim" is rejected (Dkt. 5, p. 2).

[2] Plaintiff cites several cases which conclude that a case filed in state court which includes a non-removable claim may not be removed. *See Jones v. Roadway Express, Inc.*, 931 F.2d 1086, 1091 (5th Cir.1991); *Spearman v. Exxon Coal U.S.A., Inc.*, 16 F.3d 722, 724 (7th Cir. 1994); *Humphrey v. Sequentia, Inc.*, 58 F.3d 1238, 1245 (8th Cir. 1995); *see also Snuggs v. Excel Mfg. Of Kentucky, Inc.,* 187 F.3d 638 (6th Cir. 1999).

The plain language of § 1445(c) prohibits the removal of "a civil action in any State Court arising under the worker's compensation laws of such state . . ." In accordance with the reasoning of the cases cited by Plaintiff, a "civil action" is nonremovable even if it presents a federal question or there is diversity. *Spearman v. Exxon Coal U.S.A., Inc*, 16 F.3d at 724 ("[e]ven a case containing a federal claim may not be removed if it also arises under state workers' compensation law"); *Jones v. Roadway Express, Inc.*, 931 F.2d 1086, 1091 (5th Cir.1991)(same as to diversity).

Notwithstanding these authorities, Section 1441(c) expressly authorizes removal to federal court of cases in which a "separate and independent" federal claim or cause of action is joined with a nonremovable claim or cause of action. Aside from any arguable conflict between § 1445(c) and § 1441(c), this Court has jurisdiction over Plaintiff's FLSA claims, notwithstanding that Plaintiff's "civil action" may have been improperly removed under § 1445(c). The Court has found no controlling authority mandating the remand of an entire case removed under these circumstances. Indeed, a remand for any reason other than those set forth in 28 U.S.C. § 1447(c) would be an abuse of discretion. *See Thermtron Products v. Hermansdorfer*, 423 U.S. 336, 351 (1976) (district court exceeded its authority in remanding a case for reasons not provided for in 28 U.S.C. § 1447(c)).

4

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

Plaintiff's complaint controls the determination of whether the claims asserted are separate and independent. *American Fire & Cas. Co. v. Finn*, 341 U.S. 6, 13 (1951). The complaint alleges two actionable wrongs, Defendant's failure to pay overtime, and her retaliatory discharge. In theory, Plaintiff is entitled to two recoveries from these two separate violations.

Plaintiff's two claims of retaliatory discharge allege a single wrong, her discharge, albeit for two reasons. These claims are not, therefore, "separate and independent" of each other. *In re City of Mobile*, 75 F.3d 605, 608 (11th Cir. 1996)("Where both federal and state causes of actions are asserted as a result of a single wrong based on a common event or transaction, no separate and independent federal claim exists under section 1441(c)."); *American Fire & Cas. Co. v. Finn*, 341 U.S. at 13-14. ("[W]e conclude that where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under s 1441(c).") Section 1441(c) does not, therefore, control, and this Court "must retain jurisdiction over the properly removed federal claim." *In re City of Mobile,* 75 F.3d at 607- 608.

With respect to Plaintiff's FLSA claim for unpaid overtime, that claim is separate and independent from her retaliatory discharge claims, since that claim exists without regard to whether she was wrongly discharged under either § 440.205 or the FLSA. The FLSA claim for overtime compensation alleges a violation of a statutory right separate and apart from the retaliatory discharge claims, notwithstanding that all of the claims arise from Plaintiff's employment by Defendants and

5

some of the facts supporting those claims will be the same. "A cause of action does not consist of facts, but of the unlawful violation of a right which the facts show." *American Fire & Cas. Co. v. Finn*, 341 U.S. at 13-14.

Plaintiff's FLSA claim for overtime compensation is "separate and independent" from her retaliation claims. *American Fire & Casualty Co. v. Finn, supra*. The only basis to remand the entire case would be whether State law predominates over that claim. 28 U.S.C. § 1441(c). It clearly does not. Plaintiff's FLSA claim for overtime wages has nothing to do with Florida law.[3]

Plaintiff's Motion to Remand (Dkt. 4) is GRANTED *in part*. Count III of Plaintiff's complaint is severed and remanded to the Florida 6th Judicial Circuit. Counts I and II will remain in federal court.

**DONE AND ORDERED** this 28th day of May, 2010.

/s/ James D. Whittemore
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to:
Counsel of Record

---

[3] The unfortunate result of this order is that Plaintiff will have to try (and Defendants will have to defend) her retaliatory discharge claim twice, once in federal and again in state court. If judicial efficiency was an authorized basis for remanding the entire case, it would be remanded. However, it would be an abuse of this Court's discretion to remand the entire case in the absence of statutory authority, even though ostensibly there are logical reasons for doing so. *See Thermtron Products v. Hermansdorfer*, 423 U.S. 336, 351 (1976).